1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HENRY A. JONES,

11          Plaintiff,              No. CIV S-11-2049 LKK DAD P

12      vs.

13   DR. JAFFE et al.,

14          Defendants.            ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

1   the preceding month's income credited to plaintiff's prison trust account.  These payments shall

2   be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

4   § 1915(b)(2).

5                                    **SCREENING REQUIREMENT**

6           The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

                                                    2

1    allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

2    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

3    doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4            The Civil Rights Act under which this action was filed provides as follows:

5            Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the
6            deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at
7            law, suit in equity, or other proper proceeding for redress.

8    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

10    <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

11    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13    omits to perform an act which he is legally required to do that causes the deprivation of which

14    complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15            Moreover, supervisory personnel are generally not liable under § 1983 for the

16    actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

17    defendant holds a supervisorial position, the causal link between him and the claimed

18    constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

19    (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

20    allegations concerning the involvement of official personnel in civil rights violations are not

21    sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

22                        **PLAINTIFF'S COMPLAINT**

23            In the present case, in his difficult to decipher complaint plaintiff has identified as

24    defendants Dr. Jaffe, Dr. O'Neil, and DOES 1-10.  Plaintiff appears to allege that he suffers from

25    mental health conditions as well as insomnia.  He also alleges that at some unspecified time,

26    defendant Dr. Jaffe prescribed him Seroquel, and that at some other unspecified time, defendant

Dr. O'Neil told him he needed a pacemaker and surgically implanted one.  Subsequently, plaintiff alleges that he saw a doctor at U.C. Davis who told him he would not have needed the pacemaker had he simply stopped taking Seroquel.  Plaintiff claims that defendants Dr. Jaffe and Dr. O'Neil as well as anyone who prescribed and dispensed him Seroquel have violated his constitutional rights.  (Compl at 1-5 & Exs.)

## DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    Insofar as plaintiff is attempting to assert an Eighth Amendment claim he is

2    advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that

3    inadequate medical care did not constitute cruel and unusual punishment cognizable under

4    § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical

5    needs."  In general, deliberate indifference may be shown when prison officials deny, delay, or

6    intentionally interfere with medical treatment, or may be shown by the way in which prison

7    officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.

8    1988).

9    In any amended complaint plaintiff elects to file, he will need to allege facts

10   demonstrating how defendants' actions rose to the level of "deliberate indifference."  Plaintiff is

11   cautioned, however, that mere differences of opinion between a prisoner and prison medical staff

12   or between medical professionals as to the proper course of treatment for a medical condition do

13   not give rise to a § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th

14   Cir. 2004) ; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d

15   240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  In addition,

16   before it can be said that a prisoner's civil rights have been abridged, "the indifference to his

17   medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice'

18   will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.

19   1980) (citing Estelle, 429 U.S. at 105-06).

20   Plaintiff is informed that the court cannot refer to a prior pleading in order to

21   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

22   complaint be complete in itself without reference to any prior pleading.  This is because, as a

23   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

24   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

25   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

26   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

Also pending before the court is plaintiff's motion for default judgment.  Under Rule 55(a) of the Federal Rules of Civil Procedure, the court may enter a default judgment against a party who fails to plead or otherwise defend.  In this case, the court has not ordered service of plaintiff's complaint on any defendant, so no defendant is required to plead or otherwise defend in this case at this time.  Accordingly, plaintiff's motion for entry of default judgment will be denied.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 7) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

6.  Plaintiff's motion for a default judgment (Doc. No. 8) is denied.

DATED: March 12, 2012.

DAD:9
jone2049.14a

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE