IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HENRY A. JONES, | | |
| Plaintiff, | No. 2:11-cv-2049 LKK DAD P | |
| vs. | | |
| DR. JAFFE et al., | <u>ORDER AND</u> | |
| Defendants. | <u>FINDINGS AND RECOMMENDATIONS</u> | |
| _____/ | | |

     Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendant Dr. O'Neill. In response to the motion, plaintiff has filed a motion to amend, together with a proposed second amended complaint. Defendant Dr. O'Neill has filed an opposition to the motion to amend.

**BACKGROUND**

     Plaintiff is proceeding on a first amended complaint against defendants Dr. O'Neill, Dr. Jaffe, and Dr. Frazier-Grubbs. In the relevant part of his first amended complaint, plaintiff alleges as follows. In January 2007, he began to feel tightness in his throat area. Prison officials sent him to the infirmary and then to an outside hospital as a precaution. At the hospital, defendant Dr. O'Neill told him he needed a defibrillator if he wanted to live. For several days,

plaintiff refused the defibrillator but ultimately gave consent to the surgical procedure to implant one.  Plaintiff alleges that since his surgery various doctors and nurses have told him that he never needed a defibrillator and that in fact it was the medication he had been taking which caused the side effects he experienced back in 2007.  Plaintiff claims that defendant Dr. O'Neill's conduct violated the Eighth Amendment and various state laws.  In terms of relief, plaintiff seeks monetary damages.  (Am. Compl. at 13-14 & 16-17.)

## THE PARTIES' PENDING MOTIONS

Counsel for defendant Dr. O'Neill has filed a motion to dismiss on the grounds that the applicable statute of limitations bars the present action.  Alternatively, defense counsel argues that plaintiff's complaint fails to state a cognizable claim against defendant Dr. O'Neill.  (Def.'s Mot. to Dismiss at 3-10.)

Plaintiff has not filed an opposition to the pending motion to dismiss.  Instead, plaintiff has filed a motion for leave to amend his complaint, together with a proposed second amended complaint.  In his motion to amend, plaintiff explains that he would like to dismiss defendants Dr. Jaffe and Dr. Frazier-Grubbs as well as dismiss his state law claims.  With the assistance of a fellow inmate, plaintiff has also clarified his factual allegations and claims against defendant Dr. O'Neill in his proposed second amended complaint.  (Pl.'s Mot. to Am. 1-3 & Proposed Sec. Am. Compl.)

Counsel for defendant Dr. O'Neill has filed an opposition to plaintiff's motion to amend on the grounds that plaintiff failed to obtain leave of the court prior to filing his second amended complaint, failed to articulate grounds for his amendment, failed to allege sufficient facts rising to the level of deliberate indifference in his proposed second amended complaint, and because any further amendment by plaintiff would be futile because the applicable statute of limitations bars the present action.  (Def.'s Opp'n to Pl.'s Mot. to Amend at 3-8.)

/////

/////

## ANALYSIS

The court will address plaintiff's motion to amend first because if the court grants plaintiff's motion, defendant Dr. O'Neill's motion to dismiss will be rendered moot. Under Rule 15 of the Federal Rules of Civil Procedure, plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it or twenty-one days after service of a responsive pleading or motion pursuant to Rule 12(b). See Fed. R. Civ. P. 15. In all other cases, plaintiff may amend his complaint with defendant's written consent or the court's leave. See id. As noted above, plaintiff has sought the court's leave by filing the pending motion to amend, together with a proposed second amended complaint. See 28 U.S.C. § 1915A (plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute).

Granting or denying leave to amend a complaint is within the discretion of the court. See Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Under the circumstances of this case, the undersigned will recommend that the court grant plaintiff's motion to amend and deny defendant Dr. O'Neill's motion to dismiss as moot.

Contrary to defense counsel's argument, the court finds that, liberally construed, plaintiff's proposed second amended complaint states a cognizable claim for relief against defendant Dr. O'Neill for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Specifically, plaintiff alleges in his proposed second amended complaint that defendant Dr. O'Neill refused to discharge him from the hospital until plaintiff gave his consent for the defendant to implant a defibrillator in plaintiff's chest. Plaintiff alleges that he refused to give his consent to such a procedure for five days but then reluctantly agreed to the surgical procedure out of fear and stress. Plaintiff subsequently learned that defendant Dr. O'Neill's surgical procedure was unnecessary, that plaintiff did not need a defibrillator, and that the defibrillator defendant Dr. O'Neill implanted in his chest had been recalled as defective even before defendant Dr. O'Neill had implanted it. Plaintiff maintains that defendant Dr. O'Neill's

conduct has caused him prolonged and extreme physical pain.  (Proposed Sec. Am. Compl. at 19-23.)

        If plaintiff proves these allegations to be true, he has a reasonable opportunity to prevail on the merits of this action.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (deliberate indifference may manifest "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"); Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) ("A prisoner need not prove that he was completely denied medical care.") (en banc); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) ("access to medical staff is meaningless unless that staff is competent and can render competent care.").  Cf. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.").

        Moreover, contrary to defense counsel's argument that any further amendment would be futile because the applicable statute of limitations bars the present action, the court finds that plaintiff timely filed this civil rights action.  Specifically, plaintiff was entitled to four years from the date his claims against defendant Dr. O'Neill accrued to file this cause of action.  "When, as here, a federal civil rights statute does not include its own statute of limitations, federal courts borrow the forum state's limitations period for personal injury torts[.]"  Lukovsky v. City & County of San Francisco., 535 F.3d 1044, 1048-49 (9th Cir. 2008).   A § 1983 action such as this is governed by California's two-year statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927-28 (9th Cir. 2004).  However, California law also provides that imprisonment delays accrual of a cause of action for up to two years.  Cal. Civ. Proc. Code § 352.1; see also Lawrence v. Berry, No. 12-16118, 2013 WL 602511 at *1 (9th Cir. Feb. 19, 2013) (affirming district court's dismissal of prisoner's civil rights action as time-barred because

4

the plaintiff filed the action more than four years after the alleged deliberate indifference to her serious medical needs).[1]

At the earliest, in this case the statute of limitations began to run on January 17, 2007, when defendant Dr. O'Neill performed surgery on plaintiff. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). Under the mailbox rule, plaintiff filed this action on July 25, 2011, four years, six months, and eight days later. However, that is not the end of the matter. "[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005). Plaintiff commenced the inmate appeal process regarding this incident on August 28, 2010, and concluded the process when he received the director's level of review decision on or about April 14, 2011. (Pl.'s Proposed Sec. Am. Compl. Ex. A.) Tolling the applicable statute of limitations for the seven months and seventeen days that plaintiff pursued his inmate appeal as required, renders this civil rights action timely filed.

Finally, the court notes that defense counsel does not argue, nor does this court find, that plaintiff's proposed amendment will result in undue delay, is made in bad faith, will cause prejudice to defendant Dr. O'Neill, or is a dilatory tactic. See Chodos, 292 F.3d at 1003 (citing Foman v. Davis, 371 U.S. 178 (1962) ("In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should as the rules require, be 'freely given.'")).

Accordingly, plaintiff's motion to amend should be granted, and defendant Dr. O'Neill's motion to dismiss should be denied as moot. In addition, the court should honor

---

[1] Citation to this latter unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

plaintiff's request to voluntarily dismiss defendants Dr. Jaffe and Dr. Frazier-Grubbs as well as his state law claims.[2]

**OTHER MATTERS**

Also pending before the court is plaintiff's "supplement and request for injunction relief." Plaintiff's filing is difficult to decipher. However, it appears that plaintiff argues that he could not have known that defendant Dr. O'Neill violated his constitutional rights until August 2010, when a prison nurse and doctor told him he did not have heart problems. Plaintiff notes that at that time he filed a complaint with the medical board. Plaintiff asks the court not to dismiss his complaint and requests injunctive relief and a stay of this action. (Pl.'s Supp. & Req. for Inj. Relief at 1-4 & Ex. A.)

Insofar as plaintiff argues that the court should not dismiss his complaint based on defendant Dr. O'Neill's statute of limitations argument, as discussed above, the court has found that plaintiff timely filed this cause of action. Insofar as plaintiff is seeking injunctive relief, the court is unable to decipher what specific relief he seeks or against whom he seeks the relief. "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)). Here, plaintiff has fallen far short of demonstrating he is entitled to preliminary injunctive relief. Finally, it is not clear why or on what basis plaintiff seeks a stay. Accordingly, the court will deny plaintiff's "supplement and request for injunction relief" without prejudice.

/////

---

[2] Defendants Dr. Jaffe and Dr. Frazier-Grubbs have also filed a motion to dismiss. However, in light of plaintiff's request to voluntarily dismiss these defendants, their motion to dismiss should be denied as moot.

Plaintiff has also filed a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Plaintiff's "supplement and request for injunction relief" (Doc. No. 49) is denied without prejudice; and

2. Plaintiff's motion for appointment of counsel (Doc. No. 53) is denied.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to amend (Doc. No. 42) be granted and plaintiff's proposed second amended complaint (Doc. No. 43) be deemed the operative pleading in this action;

2. Defendant Dr. O'Neill's motion to dismiss (Doc. No 25) be denied as moot;

3. Defendants Dr. Jaffe and Dr. Frazier-Grubbs be dismissed from this action at plaintiff's request;

4. Defendants Dr. Jaffe and Dr. Frazier-Grubbs' motion to dismiss (Doc. No. 30) be denied as moot;

1        5. Plaintiff's state law claims be dismissed at plaintiff's request;

2        6. Defendant Dr. O'Neill be directed to file an answer in response to plaintiff's Eighth Amendment claims within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jone2049.57