UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES,<br><br>      Plaintiff,<br><br>  v.<br><br>DR. JAFFE Et al.,<br><br>      Defendants. | No. 2:11-cv-2049 LKK DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Several of plaintiff's motions are pending before the court. The court will address each motion in turn.

I. Plaintiff's Motion for a Settlement Conference

Plaintiff has filed a motion for a court-ordered settlement conference. Defendants have not expressed desire to participate in a settlement conference. Accordingly, the court will not schedule one at this time. If this case survives defendants' pending motion for summary judgment, the court will, as a matter of course, schedule a mandatory settlement conference in this action prior to trial.

II. Plaintiff's Motions to Modify the Scheduling Order

Plaintiff has filed two motions requesting that the scheduling order in this case to allow more time for discovery, both of which defendants have opposed. Under Rule 16 of the Federal

1   Rules of Civil Procedure, the court may modify the scheduling order for "good cause." Fed. R.
2   Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party
3   seeking the amendment." See Johnson v. Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir.
4   1992).  In this regard, the court may modify a scheduling order deadline "if it cannot reasonably
5   be met despite the diligence of the party seeking the extension." Id.  See also Zivkovich v.
6   Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the
7   modification 'was not diligent, the inquiry should end' and the motion to modify should not be
8   granted.").

9   According to the discovery and scheduling order in this case, the parties were required to
10  complete discovery on or before January 17, 2014.  The parties needed to serve all requests
11  pursuant to Federal Rues of Civil Procedure 31, 33, 34, and 36 sixty days prior to that date.  It is
12  not clear from plaintiff's motion for an extension of time why he seeks additional time to conduct
13  discovery.  Based on plaintiff's motion to compel discussed below, however, it appears that
14  plaintiff may be seeking additional time for discovery in this action because in his view the
15  defendants did not adequately respond to his requests for admission.  Specifically, defense
16  counsel objected to plaintiff's requests for admission on the grounds that plaintiff served them
17  after the discovery cut-off date.

18  In his motions to modify the scheduling order, plaintiff has not adequately explained why
19  he was not able to serve his discovery requests on defense counsel by November 18, 2013.  As
20  such, plaintiff has not shown that he conducted himself diligently during the months allotted for
21  discovery by the court's scheduling order.  Therefore, plaintiff has not shown the requisite good
22  cause to modify the scheduling order.

23  III.  Plaintiff's Motion to Compel

24  As noted above, plaintiff has filed a motion to compel defendants to respond to his
25  requests for admission, which defendants have opposed.  As an initial matter, plaintiff's motion to
26  compel is untimely.  Plaintiff was required to file any motion to compel on or before January 17,
27  2014.  Under the mailbox rule, plaintiff did not file his motion to compel until January 28, 2014.
28  /////

Moreover, even if plaintiff's motion to compel was timely filed, the court has reviewed defendants' responses to plaintiff's requests for admission, and defendants' objections are well founded.  Specifically, plaintiff served defense counsel with his requests for admission on December 17, 2013, a month after the time to do so had expired.  Accordingly, the court will deny plaintiff's motion to compel.

IV.  Plaintiff's Motion for Subpoenas

Plaintiff has filed a motion requesting the issuance of subpoenas for certain unincarerated witnesses who supposedly have vital information to testify about in these proceedings.  Presumably, plaintiff is requesting these subpoenas for trial.  At this time, defendants' motion for summary judgment is pending before the court.  Accordingly, the court will deny plaintiff's motion for subpoenas without prejudice to renewal of the request after the court rules on defendants' motion for summary judgment.  The court also directs plaintiff to review the court's previous discovery and scheduling order, which outlines procedures for obtaining the attendance of unincarcerated witnesses at trial.

V.  Plaintiff's Motions for Appointment of Counsel

Plaintiff has filed four motions for appointment of counsel, which defendants have opposed.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

VI. <u>Plaintiff's Motions for an Extension of Time</u>

    Plaintiff has filed two requests for an extension of time to file an opposition to defendants' motion for summary judgment, which defendants have opposed. Good cause appearing, and in the interest of justice, the court will grant plaintiff's requests for additional time to oppose the pending motion for summary judgment.

    Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a settlement conference (Doc. No. 63) is denied;

2. Plaintiff's motions for an extension of time to conduct discovery (Doc. Nos. 64 & 72) are denied;

3. Plaintiff's motion to compel (Doc. No. 65) is denied;

4. Plaintiff's motion for the issuance of subpoenas (Doc. No. 68) is denied without prejudice to renewal of the request after the court rules on defendants' motion for summary judgment;

5. Plaintiff's motions for appointment of counsel (Doc. Nos. 70, 71, 78 & 81) are denied;

6. Plaintiff's motion for an extension of time to file an opposition to defendants' motion for summary judgment (Doc. Nos. 83 & 85) are granted; and

7. Plaintiff is granted thirty days from the date of service of this order in which to file an opposition to defendants' motion for summary judgment. Any reply shall be filed and served in accordance with Local Rule 230(l).

Dated: May 22, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jone2049.mots